UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Harvey Lemay

    v.                                                      Civil No. 11-cv-185-JD

New Hampshire State Police
Department of Sex Offender
Registration


**REPORT AND RECOMMENDATION**

    Before the court is Harvey Lemay's complaint (doc. no. 1)[1] alleging that his rights have been violated because he was improperly required to register as a sex offender in New Hampshire. Because Lemay brings this action pro se and in forma pauperis, the matter is before the court for a preliminary review to determine whether the complaint states any claim upon which relief might be granted, See 28 U.S.C. § 1915(e)(2); United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(1)(B), or whether the complaint properly invokes the court's subject matter jurisdiction. See LR 4.3(d)(1)(B)(i).

---

[1] Lemay has attached several documents to his complaint. The documents will be considered to be part of the complaint for all purposes. See Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

**Standard of Review**

Under LR 4.3(d)(1)(B), when a plaintiff commences an action pro se and in forma pauperis, the magistrate judge conducts a preliminary review.  The magistrate judge may issue a report and recommendation after the initial review, recommending that claims be dismissed if the court lacks subject matter jurisdiction, the defendant is immune from the relief sought, the complaint fails to state a claim upon which relief may be granted, the allegation of poverty is untrue, or the action is frivolous or malicious.  See id. (citing 28 U.S.C. § 1915(e)(2) & Fed. R. Civ. P. 12(b)(1)).  In conducting a preliminary review, the magistrate judge construes pro se pleadings liberally, to avoid inappropriately stringent rules and unnecessary dismissals.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pleadings liberally in favor of pro se party); Castro v. United States, 540 U.S. 375, 381 (2003).

To determine if the complaint states any claim upon which relief could be granted, the court applies a standard analogous to that used in reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6).  The court decides whether the complaint contains sufficient factual matter, accepted as true, to state a

claim to relief that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009).

To make this determination, the court employs a two-pronged approach. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). The court first screens the complaint for statements that "merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." Id. (citations, internal quotation marks and alterations omitted). A claim consisting of little more than "allegations that merely parrot the elements of the cause of action" may be dismissed. Id. The second part of the test requires the court to credit as true all non-conclusory factual allegations and the reasonable inferences drawn from those allegations, and then to determine if the claim is plausible. Id. The plausibility requirement "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of illegal conduct. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). The "make-or-break standard" is that those allegations and inferences, taken as true, "must state a plausible, not a merely conceivable, case for relief." Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 29 (1st Cir. 2010); see Twombly, 550 U.S. at 555-56 ("Factual allegations must be enough to raise a right to

relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." (citations and footnote omitted)).

Evaluating the plausibility of a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at ___, 129 S. Ct. at 1950 (citation omitted). In doing so, the court may not disregard properly pleaded factual allegations or "attempt to forecast a plaintiff's likelihood of success on the merits." Ocasio-Hernández, 640 F.3d at 13. "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." Id.

## Background

Lemay states that the New Hampshire State Police, Department of Sex Offender Registration, is requiring him to register as a sex offender in New Hampshire. Lemay states that he was convicted in another state of lewd and lascivious speech and behavior, and indecent assault and battery on a person who has attained the age of fourteen. Lemay claims that the registration requirements of his convicting offenses only required him to register as a sexual offender in New Hampshire

4

until October 9, 2009.  Lemay states that defendant has accomplished its wrongful registration requirement by knowingly "changing the charges to more serious ones," specifically, felonious sexual assault and sexual assault on a child that require him to continue to register.

Lemay asserts that he has been harmed as a result of having to continue to register as a sex offender.  Lemay claims he has lost jobs and employment opportunities, his ability to earn a living, and rental housing.  Lemay also states that police officers have told his neighbors that he is a registered sex offender, resulting in an invasion of his privacy and humiliation.  Lemay has not identified what relief he seeks in this case.  The court, however, can construe the complaint reasonably to seek both damages and injunctive relief of some kind, as Lemay claims both monetary losses due to his past improper inclusion on the state's sex offender registry as well as continued adverse impact caused thereby.

**Discussion**

I.  Due Process

Lemay asserts this action under 42 U.S.C. § 1983, which provides a cause of action for individuals alleging that their rights under federal law have been violated by persons acting

under the color of state authority.  See Dist. Attorney's Office for the Third Jud. Dist. v. Osborne, 557 U.S. 52, ___, 120 S. Ct. 2308, 2318 (2009).  Lemay asserts that his rights have been violated by state actors who have inflated his convictions, apparently without any process, in a manner that requires him to register as a sexual offender when, in fact, his actual convictions no longer compel such a requirement.  Liberally construed, the complaint asserts a due process challenge to the recharacterization of his convictions and consequent sex offender registration requirement.

Courts have recognized a protected liberty interest in avoiding reputational harm or stigma that is accompanied by "a loss of or adverse effect on a person's prior legal status or rights."  See Paul v. Davis, 424 U.S. 693, 701-02, 707-09 (1976).  The Tenth Circuit has applied the Paul "stigma plus" doctrine in a case where an individual was charged with robbery and sexual assault, and, who, though he was convicted only of robbery charges, was forced to register as a sexual offender as a condition of his parole on the robbery charge.  See Gwinn v. Awmiller, 354 F.3d 1211, 1216 (10th Cir. 2004).  In Gwinn, the court ruled that the plaintiff "sufficiently alleged that his

classification as a sex offender outside the prison walls implicated a liberty interest." Gwinn, 354 F.3d at 1223-24.

Requiring a person to register as a sex offender implicates due process considerations and meets Paul's "stigma plus" standard where plaintiff: (1) alleges "that the government made a false statement about him – that he was a sexual offender – that was sufficiently derogatory to injure his reputation, and that (2) he experienced a governmentally imposed burden that significantly altered his . . . status as a matter of state law, in that he was required to register as a sex offender." Brown v. Montoya, ___ F.3d ___, 2011 WL 5346064, *11 (10th Cir. 2011) (internal quotations and citations omitted). Here, Lemay alleges that defendant has made a false statement about him, knowing it was false, by stating that he was convicted of a more serious sexual offense than was actually the case.

Lemay states that as a result of the false statement, he has been improperly required to register as a sexual offender in New Hampshire since October 9, 2009, and that his status as a registered sexual offender not only damages his reputation, but also has impacted his "status as a matter of state law." Specifically, Lemay alleges that as a result of the improper reporting requirement, he has been unable to obtain work and

housing to which he would have access if he were not deemed a sex offender. These allegations suffice to assert a due process claim upon which relief may be granted.

II. Eleventh Amendment Immunity

Lemay names an agency of the State of New Hampshire as the sole defendant to this action. Section 1983 suits for damages against states, state agencies, and state officers sued in their official capacities are barred by the Eleventh Amendment unless the state has expressly waived immunity. See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993) (absent waiver, neither a state nor agencies acting under its control may be subject to suit in federal court); Negron-Almeda v. Santiago, 579 F.3d 45, 52 (1st Cir. 2009); Fantini v. Salem State Coll., 557 F.3d 22, 33 (1st Cir. 2009) ("it is well settled that neither a state agency nor a state official acting in his official capacity may be sued for damages in a section 1983 action"); see also P.R. Aqueduct & Sewer Auth., 506 U.S. at 146. While the state itself is immune from suits brought pursuant to section 1983, a plaintiff may bring a section 1983 suit against state officers in their official capacities where the plaintiff seeks only prospective injunctive relief. See Vaquería Tres Monjitas, Inc. v. Irizarry, 587 F.3d 464, 477-78

(1st Cir. 2009) (citing Ex Parte Young, 209 U.S. 123 (1908) and Maria Santiago v. Corporacion De Renovacion Urbana Y Vivienda de P.R., 554 F.2d 1210, 1212-13 (1st Cir. 1977)).

New Hampshire has not waived its sovereign immunity for claims asserted under section 1983. The State of New Hampshire is therefore immune from this action and should be dismissed.

In order to proceed with this action, therefore, Lemay must amend his complaint to name the state official or officials responsible in their individual and/or official capacities for the constitutional violations alleged. In his amended complaint, Lemay must state, with specificity, what each state official Lemay wishes to sue did or failed to do that violated Lemay's rights. Lemay should also indicate in his amended complaint what specific relief he seeks in this matter. In an order issued simultaneously with this report and recommendation, Lemay will be given the opportunity to so amend his complaint.

### Conclusion

For the foregoing reasons, the court recommends that the defendant, the New Hampshire State Police, Department of Sex Offender Registration, be dismissed from this action. The court finds that Lemay has stated a claim alleging that his Fourteenth Amendment due process rights have been violated by the false

characterization of his criminal convictions that created a requirement that he register as a sex offender. In an order issued simultaneously with this report and recommendation, the court grants Lemay leave to amend his complaint to name a proper defendant or defendants to the action and to state what specific relief he seeks.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011) (citing United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008)); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

_____
Landya B. McCafferty
United States Magistrate Judge

Date: December 20, 2011

cc: Harvey Lemay, pro se

LBM:jba