**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


Harvey Lemay

    v.                                        Civil No. 11-cv-185-JD

New Hampshire State Police
Department of Sex Offender
Registration, et al.


**REPORT AND RECOMMENDATION**

    Pro se plaintiff Harvey Lemay brought this civil rights
action challenging the requirement that he register in New
Hampshire's Sex Offender Registry.  After preliminarily
reviewing his complaint (doc. no. 1), the court concluded that
Lemay had stated a claim for a violation of his procedural due
process rights protected by the Fourteenth Amendment.  See 28
U.S.C. § 1915(e)(2); United States District Court District of
New Hampshire Local Rule ("LR") 4.3(d)(1)(B); see also Lemay v.
N.H. State Police Dep't of Sex Offender Registration, No. 11-cv-
185-JD (D.N.H. Dec. 20, 2011) (report and recommendation (doc.
no. 4)).  Because the complaint only named the New Hampshire
State Police Department of Sex Offender Registration as a
defendant, which is immune from suit, the court ordered Lemay to
amend the complaint to identify the specific defendants involved
in the alleged constitutional violation.  See id., Order (Dec.

20, 2011) (doc. no. 5).  Lemay then filed an addendum to the complaint (doc. no. 8)[1], naming seven members of the New Hampshire State Police as defendants, which is currently before the court for review.

I.   Plausible claims

In his addendum, Lemay has identified three individuals against whom a claim for relief has been stated:  Trooper Rocky, Trooper McDonald and Trooper Rowe.  Lemay alleges that Trooper Rocky is the individual who recommended that the charges to which Lemay pleaded guilty – lewd and lascivious speech and behavior, and indecent assault and battery on a person who has attained fourteen years – be upgraded to "felonious sexual assault and sexual assault on a child age 14."  Lemay further alleges that Trooper Rocky knew Lemay was due to be released from the sex offender registry on March 27, 1997, but that if the charges were upgraded, Lemay would be required to maintain his registration with the sex offender registry for the remainder of his life.  Lemay makes a passing reference to a "hearing," but otherwise does not describe facts to demonstrate what procedures were followed before his crimes-of-conviction

_____

[1]Lemay's complaint and addendum (doc. nos. 1 and 8, respectively) shall hereinafter be considered jointly as the complaint in this matter for all purposes.

were changed and he was required to register in New Hampshire's sex offender registry.

Lemay states that Trooper McDonald compelled him to register every six months until McDonald retired.  Lemay also asserts that Trooper Rowe required him to register with the sex offender registry until June 5, 2011, and has arrested him twice for breaking the rules governing the sexual offender registry.

These allegations are sufficient to state a plausible claim against Troopers Rocky, McDonald, and Rowe, for a deprivation of Lemay's liberty interest in not being stigmatized in a manner that alters his legal status, without due process of law.  See Brown v. Williams, 662 F.3d 1162, 1167-69 (10th Cir. 2011) (citing Paul v. Davis, 424 U.S. 693, 709-11 (1976)). Accordingly, in an order issued simultaneously herewith, the court will order that the complaint be served on those defendants.  Lemay seeks to have his name removed from the sex offender registry, and to obtain monetary damages for his losses.  Because Lemay seeks both injunctive and monetary relief, the claims may proceed against the defendants in their official and their individual capacities.  See Brown, 662 F.3d at 1161 n.5 (citing Hafer v. Melo, 502 U.S. 21, 30, 27 (1991)).

II.   Insufficient claims

     The addendum fails to provide sufficient facts to state any
claim against the following defendants: Colonel Quinn, Trooper
Elia, Trooper Fogarty and Trooper Curran.   Lemay's allegations
against Colonel Quinn are limited to a single claim that he
"oversees all aspects of the State Police of New Hampshire."   It
is well-settled that supervisory liability under § 1983 can only
be based on the individual's direct involvement in causing the
constitutional harm by his own acts or omissions, and cannot be
based on a theory of respondeat superior liability.   See Sanchez
v. Pereira-Castillo, 590 F.3d 31, 48-49 (1st Cir. 2009).   The
remaining three defendants allegedly served papers on Lemay,
verified his address, and reminded him to a pay a fine that was
due.   Those facts fail to state any cognizable claim for relief
under § 1983.   Accordingly, Colonel Quinn, and Troopers Elia,
Fogarty and Curran, should be dismissed from this action.

                          **Conclusion**

     For the foregoing reasons, the court recommends that this
action proceed only against Troopers Rocky, McDonald and Rowe,
and that Colonel Quinn and Troopers Elia, Fogarty, and Curran,
be dismissed.   In an order issued simultaneously with this

                               4

report and recommendation, the court has directed service of the complaint on Troopers Rocky, McDonald, and Rowe.

Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

June 11, 2012

cc:  Harvey Lemay, pro se

LMB:jkc