UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Harvey Lemay</u>

    v.                                           Civil No. 11-cv-185-JD

<u>New Hampshire State Police</u>
<u>Department of Sex Offender</u>
<u>Registration et al.</u>

**O R D E R**

On June 11, 2012, the court issued an order (doc. no. 10) directing service of plaintiff's complaint (doc. nos. 1 and 8) on the following defendants: New Hampshire State Trooper Jill Rocky, retired New Hampshire State Trooper McDonald, and New Hampshire State Trooper Rowe. Service was made by the U.S. Marshal on Troopers Rocky and Rowe (doc. nos. 13 and 14). According to notes written on the unexecuted return of service filed by the U.S. Marshal on July 16, 2012 (doc. no. 12), service on McDonald was attempted on July 2, 2012, at the New Hampshire State Police headquarters, but that office would not accept service or provide contact information for McDonald.

In order that the U.S. Marshal may effect service, pursuant to Fed. R. Civ. P. 4(c)(3), Lemay must provide the court with a summons form containing a proper address for McDonald. If Lemay is unable to otherwise locate an address for McDonald, he may

obtain that information during discovery by requesting the information from the other defendants named in this action by interrogatory, pursuant to Fed. R. Civ. P. 33(a). Lemay may also ask counsel for defendants to accept service for McDonald, pursuant to Fed. R. Civ. P. 4(e)(2)(C), in lieu of producing McDonald's home address.[2]

## Conclusion

The Clerk's office is directed to provide Lemay with a blank summons form. Lemay is directed to return the completed summons form for Trooper McDonald, with a proper address, if he is able to obtain it, within thirty days of the date of this order.

Upon receipt of the completed summons form, the Clerk's office is directed to issue the summons and proceed with service

---

[2] While counsel is not obligated, or may not be authorized, to accept service for McDonald, it appears that counsel is able to contact McDonald, in light of the July 12, 2012, appearance filed by defendants' counsel on McDonald's behalf (doc. no. 11). At this time, the court makes no comment as to whether counsel's appearance on McDonald's behalf might constitute McDonald's voluntary appearance and waiver of formal service of process in this case.

as directed in the court's June 11, 2012, service order (doc. no. 10).

    SO ORDERED.

                                          _____
                                          Landya McCafferty
                                          United States Magistrate Judge

August 7, 2012

cc:   Harvey Lemay, pro se
      David M. Hilts, Esq.