UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Harvey Lemay

    v.                             Civil No. 11-cv-185-JD

New Hampshire Department
of Safety, et al.


O R D E R

    Harvey Lemay, proceeding pro se and in forma pauperis, brought a civil rights action, alleging claims that arose from the requirement that he register as a sex offender. Following initial review under 28 U.S.C. § 1915(e)(2) and review of Lemay's subsequent amendment, his amended complaint was allowed to the extent he brought claims against New Hampshire State Troopers Rocky, McDonald, and Rowe that his Fourteenth Amendment due process rights were violated by requiring him to register as a sex offender. Lemay now moves to amend his complaint to bring claims against Denise Perry and Kathy Cliver. The defendants did not file a response to the motion to amend.

    Under the local rules of this district, a party who moves to amend his complaint must attach the proposed amended complaint to the motion; identify the new allegations, claims, and parties; and explain why the new allegations, claims, and parties were not included in the prior complaint. LR 15.1. Lemay failed to attach the proposed amended complaint and failed to explain why

he did not include Perry and Cliver in his prior amended complaint. Therefore, Lemay did not properly move to amend.

Even if the allegations in the motion were construed as the allegations Lemay would provide in an amended complaint, the motion would be denied. Although "[l]eave to amend is freely given when justice so requires, Fed. R. Civ. P. 15(a), . . . courts have discretion to deny such motions under appropriate circumstances, including undue delay and futility." Edlow v. RBW, LLC, 688 F.3d 26, 39 (1st Cir. 2012) (internal quotation marks omitted). Denial of a motion to amend as futile is appropriate if the proposed amendments fail to state a claim under the standard used for Federal Rule of Civil Procedure 12(b)(6). Platten v. HG Bermuda Exempted Ltd., 437 F.3d 118, 132 (1st Cir. 2006). Therefore, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Sanchez v. United States, 671 F.3d 86, 107 (1st Cir. 2012).

To the extent that Lemay intended to allege that Perry and Cliver violated his Fourteenth Amendment due process rights, he must allege facts to plausibly show that they mistakenly or falsely classified him as a sex offender and required him to register as a sex offender without adequate due process. See Brown v. Montoya, 662 F.3d 1152, 1166-67 (10th Cir. 2011). Adequate due process depends on the circumstances. See Meza v. Livingston, 607 F.3d 392, 409 (5th Cir. 2010).

In the motion to amend, Lemay alleges that "Perry and Cliver, acting as state actors under color of the law by way of a hearing, determined that Mr. Lemay had committed the crimes of felonious sexual assault and sexual assault . . . ."  Doc. no. 25 at 1.  As an attachment to the motion, Lemay filed the report of the hearings examiner at the New Hampshire Department of Safety, dated September 24, 2009.  The report states that Lemay requested a hearing on the question of whether he was subject to lifetime sex offender registration based on a Massachusetts conviction.  Lemay argued that he was being required to register based on a more serious offense than the offense to which he pleaded guilty.

Lemay represented himself, and Trooper Rocky presented the state's case.  Denise Perry, Supervisor, Sexual Offender Records for the New Hampshire State Police, was present at the hearing.  Evidence introduced at the hearing included the Massachusetts criminal complaint against Lemay, dated September 10, 1999; Lemay's waiver form; and the victim impact statement.  The hearings officer found, based on information provided by Trooper Rocky, that the offense to which Lemay pleaded guilty in Massachusetts was reasonably equivalent to RSA 632-A:3-II, felonious sexual assault of a person over thirteen and younger than sixteen.  Based on stated findings, the hearings officer sustained the decision of the state to require Lemay to register for his lifetime as a sexual offender.

In his motion to amend, Lemay does not allege any deficiencies in the process afforded him through the hearing. No deficiencies are apparent from the materials he filed with his motion. Therefore, as presented in the motion to amend, his claims against Perry and Cliver are futile.

## Conclusion

For the foregoing reasons, Lemay's motion to amend (document no. 25) is denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

November 26, 2012

cc: Harvey Lemay, pro se
    David M. Hilts, Esq.
    Kevin H. O'Neill, Esq.