UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Harvey Lemay</u>

    v.                                        Civil No. 11-cv-185-JD

<u>New Hampshire Department</u>
<u>of Safety, et al.</u>

<u>O R D E R</u>

    Harvey Lemay, proceeding pro se and in forma pauperis, brought a civil rights action, alleging claims that arose from the requirement that he register as a sex offender. Following initial review under 28 U.S.C. § 1915(e)(2) and review of Lemay's subsequent amendment, his amended complaint was allowed to the extent he brought claims against New Hampshire State Troopers Rocky, McDonald, and Rowe that his Fourteenth Amendment due process rights were violated by requiring him to register as a sex offender. A subsequent motion to amend was denied.

    Lemay now moves for funds to hire a stenographer to record depositions and provides a financial affidavit to show that he is indigent. The defendants object and ask the court to dismiss the claims because of perceived inconsistencies in Lemay's financial statements. Lemay filed a reply.

Discussion

Lemay asks the court to provide funds to pay a court reporter or a stenographer to record all depositions in his case. In support, Lemay filed his financial declaration in which he stated that he is unemployed, that he has no income, and that he has no financial resources. The defendants object that the court is not authorized to pay litigation expenses for indigent litigants and in the same filing moves to dismiss Lemay's claims on the ground that the information Lemay provided on his offender registration contradicts the information in his financial affidavit.

A.   Motion to Dismiss

The defendants argue that Lemay's financial affidavit, which states that he has not worked since "11/17/20087 [sic], is contradicted by information provided on his offender registration. In that form, Lemay indicated his employer's name was "D & L Contractors" in Chocorua, New Hampshire, and that his occupation was "Self Employed Carpenter/Contractor" with a date of employment on "01/02/07". The defendants move to dismiss Lemay's claims based on the declaration in the financial affidavit, which states: "I declare under penalty of perjury that

2

the above information is true and understand that a false statement may result in a dismissal of my claims."

In his reply, Lemay corrected the unemployment date provided in his affidavit to be "11/17/2007" and reiterated that he has not worked since that time.  He explained that his business, D & L Construction, declined sharply after September 24, 2008, and "remains dormant."  Lemay also provided a notarized statement of Donna R. Page who stated that she has been loaning Lemay money for his litigation expenses and a copy of the "Certificate of Registered Trade Name" for D & L Construction Chocorua, which is dated May 18, 2009.

The defendants' motion to dismiss is not properly presented. "Objections to pending motions and affirmative motions for relief shall not be combined in one filing."  LR 7.1(a)(1).  Further, even if the motion were properly presented, the record is far from clear as to whether the cited information is contradictory.

B.  Motion for Funds

As the defendants point out, the court lacks authorization to provide funds for litigation expenses to an indigent litigant. Neither 28 U.S.C. § 1915 nor any other federal law authorizes payment of an indigent litigant's discovery expenses.  See, e.g., Saunders v. Vinton, 2012 WL 5835382, at *1 (D. Conn. Nov. 16,

2012) (citing cases); Milburn v. City of York, 2012 WL 5836363, at *6 (M.D. Pa. Nov. 16, 2012) (same); Younker v. Ohio State Univ. Med. Ctr., 2012 WL 5472258, at *2 (S.D. Ohio Nov. 9, 2012); Harris v. Fischer, 2012 WL 3964706, at *3 (S.D.N.Y. Sept. 10, 2012); Lamar v. Kisrel, 2012 WL 2132276, at *2 (W.D.N.Y. June 12, 2012); Holland v. City of Gary, 2012 WL 1388345, at *5 (N.D. Ind. Apr. 16, 2012). Therefore, no legal basis supports Lemay's request for funds to hire a stenographer to record depositions.

## Conclusion

For the foregoing reasons, Lemay's motion for funds to hire a stenographer (document no. 19) is denied. The defendants' request that Lemay's claims be dismissed is also denied.

SO ORDERED.

_/s/ Joseph A. DiClerico, Jr._
Joseph A. DiClerico, Jr.
United States District Judge

December 10, 2012

cc: David M. Hilts, Esquire
    Harvey Lemay, pro se
    Kevin H. O'Neill, Esquire