```
                UNITED STATES DISTRICT COURT FOR THE
                      DISTRICT OF NEW HAMPSHIRE
```

Harvey Lemay

   v.                                    Civil No. 11-cv-185-JD
                                          Opinion No. 2013 DNH 039

New Hampshire Department of Safety


                              O R D E R

Harvey Lemay, proceeding pro se and in forma pauperis, brought civil rights claims against New Hampshire State Troopers Rocky, McDonald, and Rowe, alleging that they violated his Fourteenth Amendment due process rights by characterizing his convictions in a manner that extended the requirement for him to register as a sexual offender. The defendants filed a motion for summary judgment. Lemay's motion to dismiss the motion for summary judgment was denied, and he did not file an objection to the defendants' motion for summary judgment.


                           Standard of Review

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine issue is one that can be resolved in favor of either party and a material fact is one which has the

potential of affecting the outcome of the case." Gerald v. Univ. of P.R., --- F.3d ---, 2013 WL 310396, at *6 (1st Cir. Jan. 28, 2013). In deciding a motion for summary judgment, the court draws all reasonable factual inferences in favor of the nonmovant. Kenney v. Floyd, 700 F.3d 604, 608 (1st Cir. 2012).

## Background[1]

The magistrate judge construed Lemay's complaint, as amended, "to state a plausible claim against Troopers Rocky, McDonald, and Rowe, for a deprivation of Lemay's liberty interest in not being stigmatized in a manner that alters his legal status, without due process of law." Report & Recommendation, doc. no. 9, at 3. In support of that claim, Lemay alleged that he was subject to sexual offender registration because of a conviction in Massachusetts until October 9, 2009. He further alleged that Rocky recommended that the charges to which Lemay pleaded guilty in Massachusetts be upgraded to the crime of felonious sexual assault on a child of fourteen so that Lemay would be required to register as a sexual offender for life. He

---

[1] The defendants' statement of material facts provides a procedural history of the case. Because the defendants did not provide a supported statement of material facts, see LR 7.2(b)(1), Lemay's failure to respond does not cause him to be deemed to have admitted facts for purposes of summary judgment, see LR 7.2(b)(2).

also alleged that McDonald required Lemay to register as a sexual offender until McDonald retired and that Rowe required him to register until June 5, 2011, and arrested him for failing to register.  The magistrate judge noted that Lemay mentioned a hearing but concluded that there was insufficient information to know whether he received due process.

Lemay then moved to amend his complaint to add claims against Denise Perry and Kathy Cliver.  In support of his motion, Lemay filed the report of the hearings examiner at the New Hampshire Department of Safety, dated September 24, 2009.  Based on the report, the court denied Lemay's motion to amend as futile.

The report shows that Lemay requested a hearing to review the issue of whether he was required to register as a sex offender for life based on his Massachusetts conviction.  A hearing was held before a hearings examiner, and Lemay appeared and represented himself.  Rocky represented the State of New Hampshire.  Denise Perry, Supervisor of the Sexual Offender Records for the New Hampshire State Police, and Donna R. Page, Lemay's wife, also attended the hearing.  The hearings examiner found that Lemay's crime of conviction in Massachusetts was reasonably equivalent to RSA 632-A:3-II, and sustained the

decision that Lemay was required to register as a sexual offender for life.

## Discussion

The defendants, Rocky, Rowe, and McDonald, move for summary judgment on the ground that the hearings examiner's report, which Lemay submitted with his motion to amend, demonstrates that there were no deficiencies in the process afforded him. They contend that for the reasons the motion to amend was denied as futile, they are entitled to summary judgment. Alternatively, the defendants contend that they are entitled to summary judgment because Lemay violated the registration requirement which extended its duration, obviating all of his claimed harm.

A procedural due process claim under the Fourteenth Amendment "requires a showing that the plaintiff was deprived of a protected liberty or property interest without adequate notice and an opportunity to be heard at a meaningful time and in a meaningful manner." Roman-Oliveras v. P.R. Elec. Auth., 655 F.3d 43, 47 (1st Cir. 2011). Other courts have concluded that required registration as a sexual offender can implicate a protected liberty interest. See Brown v. Montoya, 662 F.3d 1152, 1168 (10th Cir. 2011); Meza v. Livingston, 607 F.3d 392, 401 (5th Cir. 2010). The process due before imposing a sexual

registration requirement depends on the particular situation. See Meza v. Livingston, 2010 WL 6511727, at *8-*16 (5th Cir. Oct. 19, 2010).

A.  Hearing

In this case, Lemay apparently received notice that he was subject to lifetime registration and requested a hearing. The hearing was held before a hearings examiner, and Lemay participated in the hearing. The hearings examiner made findings and sustained the registration requirement based on his findings.

Lemay does not allege any procedural deficiencies in the hearing or the process afforded him. Although Lemay disagrees with Rocky's interpretation of his offense in Massachusetts, the hearings examiner heard both sides and found that Rocky's interpretation was correct. Therefore, the record shows that Rocky did not deny Lemay due process.

The bases for Lemay's claims against McDonald and Rowe are less clear. Lemay alleges that they required him to register and that Rowe arrested him for failing to register. Lemay acknowledges that he was required to register until October 9, 2009, based on the Massachusetts conviction. The lifetime registration requirement was sustained on September 24, 2009, before the expiration of the initial registration requirement.

Therefore, McDonald's and Rowe's actions to enforce the registration requirement were in accord with the registration requirements applicable to Lemay and were not due process violations.

B.  Violations

The defendants also argue that Lemay was subject to extended registration because he violated the initial registration requirement. As a result, the extension of the requirement, they contend, did not cause the harm Lemay alleges. The court need not resolve that issue because Lemay received constitutionally adequate due process before the registration requirement was extended to Lemay's lifetime.

## Conclusion

For the foregoing reasons, the defendants' motion for summary judgment (document no. 33) is granted.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

/s/ Joseph A. DiClerico, Jr.
Joseph A. DiClerico, Jr.
United States District Judge

March 20, 2013

cc: Harvey Lemay, pro se
    Kevin H. O'Neill, Esquire